STATE OF LOUISIANA                            NO. 21-K-627

VERSUS                                        FIFTH CIRCUIT

LAWRENCE STAEHLE                              COURT OF APPEAL

                                             STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

_____October 05, 2021_____

Nancy F. Vega
Chief Deputy Clerk

**IN RE** LAWRENCE STAEHLE

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE M. LAUREN LEMMON, DIVISION "D", NUMBER 21,284

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

## WRIT GRANTED FOR A LIMITED PURPOSE

Relator, Lawrence Staehle, seeks expedited review of the 29th Judicial District Court's August 19, 2021 judgment denying his Motion for the Defendant to be Physically Present in Court for all Hearings.  Relator was arrested on May 17, 2021 on charges of second degree kidnapping and aggravated second degree battery, according to the bill of information filed on July 19, 2021.  At the arraignment and preliminary examination scheduled for July 22, 2021, Relator, appearing via audio-visual electronic equipment, advised the court that he wished to be present in court for all hearings held in the matter.  According to Relator, his case had been set for hearing on four previous dates, and he has not been transported to court for any of those dates.  He then filed a motion requesting to be present at all hearings on August 5, 2021.  The district court issued an order denying his motion on August 19, 2021.  Relator timely filed this writ application and requested expedited consideration.  Relator's arraignment and preliminary examination are currently set on October 21, 2021.  Relator has been incarcerated since his arrest in May 2021 as he was denied bail pursuant to a Gwen's Law hearing.

In his counseled writ application, Relator argues that La. C.Cr.P. art. 834 provides that a defendant has a right to be present at all hearings and La. C.Cr.P. art. 522(B) provides that counsel for the defense must consent to the defendant appearing via audio visual conference for pretrial motions or hearings on pretrial motions.  Relator also avers that the district attorney had no objection to his motion being granted and defendants are appearing in person in the other two divisions of the district court.  In its order denying Relator's motion, the court cited its consideration of public health advisories issued by the Centers for Disease Control

21-K-627

and Prevention ("CDC") and the Louisiana Department of Health and Hospitals ("DHH"), as well as concerns about the substantial risk posed by the Delta variant of the coronavirus and recent metrics regarding COVID-19 hospitalizations and mortality rates.

The arraignment consists of the reading of the indictment to the defendant by the clerk in open court, and the court calling upon the defendant to plead.  La. C.Cr.P. 551(A).  A defendant charged with a felony **shall be present at arraignment**, except as provided by local rules of court in accordance with La. C.Cr.P. arts. 522, 551, and 562.  La. C.Cr.P. art. 831(A).  If provided for by the local rules of court, **and approved by defense counsel**, a defendant's appearance at any (hearing on a) pretrial motion may be via simultaneous transmission through audio-visual electronic equipment.  La. C.Cr.P. 522(B).  In a case where the offense is a noncapital felony, a defendant incarcerated within the State, may, with the court's and district attorney's consent, *appear at the entry of his plea of guilty* if the court, by local rule, provides for the defendant's appearance via simultaneous transmission through audio-visual electronic equipment **and the defendant waives his right to be <u>physically</u> present at the proceeding**. La. C.Cr.P. 562(A).

The Louisiana Supreme Court's most recent order regarding COVID-19 protocols in State courts was issued February 11, 2021, stating that the provisions set forth in the Court's January 11, 2021 Order regarding in-person and remote proceedings remain in full force and effect.  Pertinently, the Supreme Court provided the following guidelines regarding in-person proceedings:

> <u>In-Person Proceedings</u>: Courts are expressly authorized to continue to conduct in-person proceedings on all matters other than trial by jury. Therefore, for cases involving trial by jury, courts may conduct in-person proceedings in a pre-trial and post-trial posture.

> [. . . ]

> In all matters, Courts should take measures to limit access to courtrooms and other spaces, with minimum physical contact, to practice social distancing and limit in-person court capacity to 50% of the total capacity, as determined by the State Fire Marshall, counting both the number of employees and members of the public present in the building at one time.

> As this situation is constantly changing, courts are further instructed to follow all guidelines issued by the Center for Disease Control, the President and the Governor, and to further limit access to courtroom and other spaces to the maximum number of people set forth in any future guideline or official proclamation that may be issued.

The Supreme Court order further stated: "Courts are *encouraged to conduct remote proceedings by telephone, video, teleconferencing, or any other means that do not involve in-person contact* **with consent of all parties** *and the judge*." The order also *empowered the judiciary to proceed with remote hearings in civil matters in instances where consent was being "unreasonably withheld by any party*."

Considering the foregoing, and acknowledging the public health emergency that has slowed the administration of justice, we find that the district court erred when it did not allow Relator to be ***physically*** ***present at the arraignment only***. Relator's request is otherwise premature and we pretermit discussion of whether Relator has a right to be *physically* present at *all* hearings at this time. The writ is granted for the limited purpose of ordering the district court to schedule Relator's arraignment within 30 days of its reopening and resuming operations post-Hurricane Ida, at a time and place where Relator is physically present during the hearing and the most recent COVID -19 mitigation measures and statewide mandates, as ordered by the Governor, are observed.

Gretna, Louisiana, this 5th day of October, 2021.

**MEJ**
**FHW**

STATE OF LOUISIANA

VERSUS

LAWRENCE STAEHLE

NO. 21-K-627

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully disagree with the majority's disposition finding that the trial court "erred when it did not allow relator to be physically present at the arraignment only." On July 22, 2021, after defendant expressed his desire to be physically present at his arraignment, the trial court continued the matter and relator's arraignment is currently set for October 21, 2021. Accordingly, on the showing made, I would deny this writ application as premature.

**SJW**

21-K-627

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **10/05/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**21-K-627**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable M. Lauren Lemmon (DISTRICT JUDGE)
Maria M. Chaisson (Relator)

### MAILED

Hon. Joel T. Chaisson, II (Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057